# BALTIMORE CITY COURT.

Filed November 2, 1923.

IN RE TAX APPEAL OF THE NATIONAL BANK OF BALTIMORE.

*John Hinkley* for the National Bank of Baltimore.

*J. Purdon Wright*, Assistant Attorney-General, for the State Tax Commission.

FRANK, J.—

This is an appeal by the National Bank of Baltimore from an order of the State Tax Commission of Maryland, passed on July 24, 1923, denying the application of the bank for a deduction from the aggregate assessment on its shares of capital stock as of January 1, 1923, of the assessed valuation of real estate in Baltimore City, known as Nos. 102-104 East Baltimore street.

The deduction is claimed by the bank by virtue of the provisions of Section 162 of Article 81 of 2 Bagby's Annotated Code. The State Tax Comission is required to make certain deductions from the aggregate value of all shares of certain designated classes of corporations, including banks. One of these deductions is stated to be "the assessed value of such real property, belonging to the said respective banks," etc. The real property referred to as "such" is that embraced in "a true statement" thereof furnished

to the Appeal Tax Court of Baltimore City "if the bank, etc., shall own or possess any real property" in said city. The Appeal Tax Court in Baltimore City and the County Commissioners in the respective counties shall value and assess the real property to the bank, etc., so owning the same and shall give duplicate certificates of such valuation and assessment to the president or other officers of the bank, etc., who shall transmit one of such duplicate certificates with his return to the State Tax Commission. The bank, etc., shall pay taxes on such assessment just as individual owners of real property pay thereon in such county or city.

The record shows that the property Nos. 102-104 East Baltimore street is assessed on the Tax Books of Baltimore City to Charles Keidel, the owner thereof, and not to the bank.

It is well settled that the State Tax Commission in making the abatement of the assessed value of real estate in the assessment by the Commission of corporate shares is acting in a ministerial capacity only.

Schley vs. Lee, 106 Md. 390-404.

The Commission "acts solely upon the assessment of such real property made by the County Commissioners or Appeal Tax Court, evidenced by their certificate to be furnished the president or other proper officer of the corporation, and by such officer to be transmitted to the Commission."

Baltimore vs. Canton Co., 63 Md. 218-237, etc.

The record in this case shows that the property Nos. 102-104 East Baltimore street had never been assessed to the bank, but on the contrary had been assessed to Mr. Keidel. So far as the record discloses, no appeal had ever been taken from the assessment so made which for the purposes of this case must, therefore, be regarded as final. The State Tax Commission could not, therefore, under the law, make a deduction of the assessed value property not assessed to the bank, from the aggregate assessment of the shares of stock of the bank. It was found by the assessment of the real estate made by the Appeals Tax Court from which no appeal had been taken.

On appeal from the State Tax Commission, this Court has power to consider only questions of law.

Article 81, Sections 239-245.

As I am of the opinion that the Commission could not have allowed a deduction of the assessed value of real property not assessed to the bank claiming the deduction, no alternative remains but to affirm the Commission's order of July 24, 1923. This view renders it unnecessary to consider the other questions discussed at the hearing.

The order of July 24, 1923 is, therefore affirmed.